### GEORGE F. SLOCOMB *vs.* AMELIA C. SLOCOMB.

Under Gen. Sts. c. 92, § 8, a nuncupative will, made in another state, which would not have been valid if made here, but which might be proved and allowed according to the laws of that state, may be proved, allowed and recorded in this commonwealth, and have the same effect as if it had been executed according to the laws of this commonwealth.

APPEAL from a decree of the judge of probate, disallowing an instrument offered for probate as the will of Augustus Slocomb, deceased.

It was agreed that said Augustus was a resident of Grafton, in the county of Worcester, and had goods and estate there to be administered, but at the time of his last sickness and death was at Natchez, Mississippi, where he had gone for a temporary purpose, intending soon to return to his home in Grafton. During his last sickness he made a nuncupative will at Natchez under such circumstances and in such manner and form as to make it a good and valid will in the state of Mississippi, which might be proved and allowed there according to the laws of that state. But the judge of probate refused to receive evidence of these facts, and disallowed the will.

The case was reserved upon the above facts, by *Gray*, J., for the determination of the whole court.

*H. B. Staples & W. F. Slocum,* for the appellant. The term 'will" has acquired a peculiar meaning in the law. Co. Litt. 111 *a.* 2 Bl. Com. 500. 4 Kent Com. (6th ed.) 516. 2 Bouvier's Dict. Will and Testament. The history of legislation concerning wills shows that nuncupative wills must have been included within the general language of Gen. Sts. *c.* 92, § 8. See *St.* 29 Car. II. *c.* 3, § 19; Rev. Sts. *c.* 62, § 7; *St.* 1843, *c.* 92. This construction is supported by the text-writers. 1 Jarm. on Wills, 89, 90, *n.* 1. 1 Williams on Executors, (4th Amer. ed.) 104, *n.* 1. The reason of the act applies to unwritten wills. Inhabitants of Massachusetts have occasion to be in all states and countries, where they cannot have the means of ascertaining the forms required here, but can learn the law of the place where they are. The legislature intended to enable them to dispose of their property by will made in any manner which is valid by the law of the place they are in. This construction is also analogous to the principles of comity in respect to contracts.

*P. C. Bacon & P. E. Aldrich,* for the appellee. The word " will" has been used in our statutes to designate a written will; and whenever a nuncupative will has been intended, there has been something to show it. See Anc. Chart. 204, 205, 207, 234, 235; *St.* 1783, *c.* 24; *St.* 1785, *c.* 12; Rev. Sts. *c.* 2, § 6, *cl.* 18; *c.* 62, §§ 1–21, 32; *St.* 1838, *c.* 2; *St.* 1842, *c.* 74; *St.* 1843, *c.* 92, §§ 1, 2; *St.* 1851, *c.* 233, § 97; *St.* 1849, *c.* 146; Gen. Sts. *c.* 3, ¶ 7, *cl.* 19; *c.* 161, § 19. A nuncupative will only passes personal estate, and there is a good reason therefore why the word " nuncupative" should be used to designate it. *Prince* v. *Hazleton,* 20 Johns. 502. The Gen. Sts. *c.* 92, § 8, refer to wills that are executed and can be recorded. But a nuncupative will is not " executed," and cannot be recorded. The words of the statute, therefore, are inapplicable to nuncupative wills. If the doctrine contended for by the appellants is correct, real estate may pass by a nuncupative will, if such will has that effect by the laws of the state where it is made. In Ohio it has been held that real estate may pass by such a will. *Gillis* v. *Weller,* 10 Ohio, 462. There is no material difference between *St.* 1843,

*c.* 92, and Gen. Sts. *c.* 92, § 8; and *Bayley* v. *Bailey*, 5 Cush. 245, decides that the term "will" under the former statute means an instrument in writing. The latter statute was only designed to alter the mode of execution, and refers only to matters of form, such as the number of witnesses required.

HOAR, J. The question presented by this case is, whether a nuncupative will, made in another state, which might be proved and allowed according to the laws of the state in which it was made, may be proved, allowed and recorded in this state, and have the same effect as if it had been executed according to the laws of this commonwealth.

Such a will comes exactly within the letter of Gen. Sts. *c.* 92, § 8, and we have only to determine whether the phrase "a will" in that section includes nuncupative wills, or was intended to refer only to wills in writing.

The first two sections of the chapter provide for the disposition of real and personal estate, by persons of full age and sound mind, by "last will and testament in writing." In § 6 it is enacted that "no will, except such as are mentioned in the three following sections, shall be effectual to pass any estate, real or personal, nor to charge or in any way affect the same, unless it is in writing and signed by the testator, or by some person in his presence and by his express direction, and attested and subscribed in his presence by three or more competent witnesses." Of the three sections thus referred to, § 7 provides that "a will of real or personal estate, made and executed in conformity with the law existing at the time of the execution thereof, shall be effectual to pass such estate;" § 8 refers to wills made out of the state, and which might be proved or allowed according to the laws of the state or country in which they were made; and § 9 authorizes nuncupative wills to be made by soldiers in actual military service, and mariners at sea.

The argument to be drawn from this exception is very strong It excepts three classes of wills from the requirements of being made in writing and executed according to the formalities before prescribed. One of these classes is the nuncupative wills of soldiers and mariners. The exception, therefore, includes

Slocomb *v.* Slocomb.

some nuncupative wills, which are to be valid though not in writing.    When it also excepts a will made out of the state, valid by the laws of the state or country where it is made, it includes wills which need not be in writing, nor signed by the testator, nor attested by the number of witnesses required for a will made in this commonwealth.    There seems to be no rule of construction which would lead to the conclusion that a nuncupative will, valid by the laws of the state or country where it is made, is not embraced within the provision, as much as any other.

But a consideration of the reason and object of the statute would lead to the same result.    A person in another state or country might not be acquainted with the formalities established for the making of wills under our laws; and, when desirous of making a will, might have no means of gaining the necessary information.    But he might well be supposed to have it in his power to ascertain the formalities required in the country in which he was.    If the laws of that country allowed a will made before a notary, and reduced to writing and certified by him, without the testator's signature ; or if they dispensed with any or all of the witnesses which our laws require ; a will made accordingly would conform to all the requirements of the 8th section.    And we think this would be equally true of a nuncupative will in the ordinary sense of that phrase.    It would be a will which the testator would be informed was as effectual as any other to pass the estate which he wished to bequeath, according to the laws of the place where it was made; and the statute was designed to protect him in resorting to the mode of bequest which he might there be advised was legal.

As a nuncupative will, therefore, is a species of will long known and recognized in English and American as well as the civil law, and as the evident purpose of the statute is as applicable to it as to any other, we are all of opinion that the provisisions of Gen. Sts. *c.* 92, § 8, include such wills, and that the decree of the judge of probate disallowing this will must be reversed, and the case remitted.